**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Arthur FLORES, Defendant— Appellant.**

**No. 07–50283.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed May 16, 2008.

Lawrence S. Middleton, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jan Lawrence Handzlik, Howrey Simon Arnold & White, LLP, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL *, District Judge.

MEMORANDUM **

Arthur Flores appeals his conviction based on the denial of his Rule 29 motion. He contends that the district court erred

in concluding that he did not make a prima facie showing that he timely withdrew from the conspiracy.

We agree with the district court that Flores did not make a prima facie showing of withdrawal. *See United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir.1992) ("To withdraw from a conspiracy a defendant must either disavow the unlawful goal of the conspiracy, affirmatively act to defeat the purpose of the conspiracy, or take definite, decisive, and positive steps to show that the [defendant's] disassociation from the conspiracy is sufficient." (internal quotation marks omitted) (alteration in original)). Contrary to Flores's assertions, none of the actions identified by Flores— including the January 5, 2001 letter—constitutes prima facie evidence that he disassociated himself from two of the conspiracy's objectives, namely the concealment and retention of prior improper disability payments. We agree with the district court that the January 5, 2001 letter represented "abandonment of one of the objects of the conspiracy—the receipt of benefits to which [Flores] was not entitled—to accomplish another of its objects, the concealment of his improper receipt of benefits over the previous several years." For the same reason, we conclude that Flores failed to make a prima facie showing that he satisfied either of the other two prongs of the *Lothian* test. There is no evidence in the record that Flores disavowed or acted to defeat the concealment and retention objectives of the conspiracy. *See id.*

Because the district court did not err in concluding that Flores failed to make a prima facie showing of withdrawal, the district court did not err in denying Flores's Rule 29 motion. Moreover, the district court concluded that "the evidence estab-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lish[ed], beyond a reasonable doubt, that Flores in fact did not withdraw from the conspiracy." There is sufficient evidence in the record to support this conclusion. *See United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003).

**AFFIRMED.**